## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:25-cv-03387-WJM-MDB**

KALEIGH M. WILKERSON,

      Plaintiff,

v.

RENTDEBT AUTOMATED
COLLECTIONS, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
EQUIFAX INFORMATION SERVICES,
LLC, TRANS UNION, LLC,

      Defendants.

---

### CRA DEFENDANTS' OPPOSED JOINT MOTION TO STAY DISCOVERY

---

COME NOW Defendants Trans Union LLC ("Trans Union"), Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), (collectively the "CRA Defendants"), and hereby file their Opposed Joint Motion to Stay Pending the Ruling on CRA Defendants' Motion for Judgment on the Pleadings and, in support thereof, would respectfully show the court as follows:

### I.     D.C.COLO.LCivR 7.1(a) CERTIFICATION

Pursuant to D.C.COLO.LCivR 7.1(a), the undersigned hereby certifies that he conferred with counsel for Plaintiff Kaleigh M. Wilkerson ("Plaintiff") regarding this Motion. Plaintiff's counsel advised the undersigned that Plaintiff is opposed to this Motion.

### II.     INTRODUCTION

As demonstrated in the CRA Defendants' Motion to for Judgment on the Pleadings (ECF No. 53), Plaintiff's Complaint ("Complaint") fails to state a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* upon which relief can be granted against the CRA

1

10133234.4

Defendants.  Given the probable disposition of Plaintiff's claims against the CRA Defendants, the CRA Defendants respectfully request the Court stay the claims against them, including discovery and all exiting deadlines, pending outcome of the CRA Defendants' MJOP.

### III.    ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). In evaluating a motion to stay discovery, courts evaluate the following factors: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Callaway v. Independent Schs. Dist. No. 1 of Okmulgee Cnty.,* No. CIV-21-51-SLP, 2021 WL 6125760, at *1 (E.D. Okla. Sept. 10, 2021) (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). The fourth factor is not applicable to this case, as there are no non-parties with significant interests in this case, but consideration of the remaining four factors confirms that a discovery stay is appropriate here.

Regarding the first factor, Plaintiff will not be prejudiced by a brief stay of discovery while the parties await a ruling from the Court on the Motion.  The parties have commenced serving and responding to their respective first sets of written discovery requests.  However, discovery remains in its early stages as depositions have not been scheduled.  While Plaintiff may "generally have an interest in proceeding expeditiously, there is no argument or evidence in this case that this plaintiff would be prejudiced by a stay." *Carey v. Alexander,* No. 25-cv-01304-PAB-CYC, 2025 WL 3484741, at *2 (D. Colo. Dec. 4, 2025).

10133234.4

In contrast, Defendants will be burdened if discovery goes forward. Discovery is set to close in September, and Defendants anticipate presenting corporate representative witnesses for deposition and taking Plaintiff's deposition. Plaintiff has also served her first discovery requests on Defendants and received responses.  It would be more efficient to briefly pause discovery while the Motion remains pending, rather than having the parties proceed through further written discovery and depositions that may later be rendered moot.

The third and fifth factors, convenience to the Court and the public interest, also weigh in favor of a stay. Plaintiff's alleged inaccuracy arises from her challenge of the validity of the underlying debt to RentDebt Automated Collections ("RentDebt").  This is a dispute which simply cannot be objectively and readily verified by the CRA Defendants.  *See generally* ECF Nos. 53 & 55; *Reyes v. Equifax Info. Servs., L.L.C.*, 140 F.4th 279, 288 (5th Cir. 2025); *Thomas v. Equifax Info. Servs. LLC*, No. 1:18-cv-01438-RM-KLM, 2019 WL 948996, at *2-3 (D. Colo. Feb. 27, 2019).  "[A] stay would serve the Court and the public interest by avoiding unnecessary expenditure of the Court's time and resources while a motion is pending that could resolve this matter in its entirety." *Carey,* 2025 WL 3484741, at *2; *see also Harris v. United States,* No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[N]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.").

### CONCLUSION

For the above-mentioned reasons, CRA Defendants Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC respectfully request that the Court grant this Motion and issue a temporary stay on all discovery in this action pending a ruling on the CRA Defendants' Motion to for Judgment on the Pleadings.

3

10133234.4

Dated: June 18, 2026.

Respectfully submitted,

*/s/ Leoncio A. Gil, III*
Leoncio A. Gil, III
Colorado Bar No. 39499
leon.gil@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Pkwy, Ste 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111
**Counsel for Trans Union LLC**

*/s/ Tyler Bates (with permission)*
Tyler Bates, Esq.
tyler@rq-law.com
Ruebel & Quillen LLC
8461 Turnpike Drive, Suite 206
Westminster, CO 80031
(888) 989-1777
(303) 362-5724 FAX
**Counsel for Experian Information Solutions, Inc.**

*/s/ Heather H. Sharp (with permission)*
Eric F. Barton
ebarton@seyfarth.com
Heather H. Sharp
hsharp@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
404-885-1500
Fax: 404-892-7056
**Counsel for Equifax Information Services, LLC**

4

10133234.4

## CERTIFICATE OF CONFERENCE

The undersigned attorney hereby certifies that he conferred with counsel for Plaintiff, Kaleigh M. Wilkerson, in good faith regarding the requested relief as required by Local Rule 7.1(a), and Plaintiff indicated that she is opposed to the requested relief.

*/s/ Leoncio A. Gil, III*
**LEONCIO A. GIL, III**

5

10133234.4

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen Jones, Esq.
stephen@fcraattorneys.com
Jaffer & Associates PLLC
5301 Alpha Road, Suite 80-5
Dallas, TX 75240
(214) 945-0000
*Counsel for Plaintiff*

Justin Harriss Homes
Sessions Israel & Shartle LLC
3838 North Causeway Boulevard, Ste 2800
Metairie, LA 70002
504-846-7954
Fax: 504-828-3737
Email: jhomes@sessions.legal
*Counsel for RentDebt Automated Collections, LLC*

Tyler Bates, Esq.
tyler@rq-law.com
Ruebel & Quillen LLC
8461 Turnpike Drive, Suite 206
Westminster, CO 80031
(888) 989-1777
(303) 362-5724 FAX
*Counsel for Experian Information Solutions, Inc.*

Eric F. Barton
ebarton@seyfarth.com
Heather H. Sharp
hsharp@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
404-885-1500
Fax: 404-892-7056
*Counsel for Equifax Information Services, LLC*

/s/ Leoncio A. Gil, III
**LEONCIO A. GIL, III**

10133234.4

6